NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA RICKERSON, *Individually and In Her Capacity As Executrix of the Estate of* DAVID RICKERSON,<br><br>Plaintiff,<br><br>v.<br><br>PINNACLE FOODS INC., JOHN M. NAES, BARRY CHAPIN, MICHAEL WITTMAN, JOHN DOES 1-10 and ABC CORPS 1-10,<br><br>Defendants. | Case No. 17-cv-4469 (SDW)(LDW)<br><br>**OPINION**<br><br>April 9, 2018 |

**WIGENTON**, District Judge.

Before the Court is Defendants Pinnacle Foods Inc., John M. Naes, Barry Chapin, and Michael Wittman's (collectively, "Defendants") Partial Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendants' Partial Motion to Dismiss is **GRANTED in part** and **DENIED in part.**

I.   BACKGROUND & PROCEDURAL HISTORY

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant motion. This civil action was brought by Plaintiff Barbara Rickerson ("Plaintiff"), individually, and as the executrix of her deceased husband David Rickerson's ("Mr. Rickerson") estate ("the Estate"). Mr.

1

Rickerson, who died on June 23, 2016, was previously an employee of Pinnacle. (*See generally* Am. Compl., ECF No. 15.)[1]

Pinnacle Foods Inc. ("Pinnacle"), headquartered in Parsippany, New Jersey, is a producer of various consumer food products. In May 2013, Pinnacle hired Mr. Rickerson to work at its Parsippany headquarters as Senior Director of Engineering in the Supply Chain Department. At all relevant times, John M. Naes ("Naes") was Mr. Rickerson's immediate supervisor. (*Id.*, p. 2, ¶ 3.) Barry Chapin ("Chapin") was Pinnacle's Senior Director, and Michael Wittman ("Wittman") was Pinnacle's President and Chief Executive Officer. (*Id.*, p. 2 ¶ 4; p. 3, ¶ 5.)

Plaintiff alleges that Mr. Rickerson was terminated after he reported that his supervisor, Naes, had "directed people to violate company policy." (*Id.*, p. 12, ¶ 30; p. 14, ¶ 39.) Upon his termination, Naes took Mr. Rickerson's personal effects and Pinnacle seized his company stock options which were valued at $1 million. (*Id.*)

On December 5, 2017, this Court issued an Order and Opinion granting in part and denying in part Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF Nos. 13-14.) The Order denied Defendants' Motion to Dismiss Plaintiff's Conscientious Employee Protection Act ("CEPA") claim, and granted Defendants' Motion to Dismiss the remaining seven claims. The Order also provided Plaintiff with the opportunity to amend the Complaint. On January 4, 2018, Plaintiff filed an Amended Complaint alleging: violation of the CEPA, N.J. Stat. Ann. § 34:19-1 *et seq.* (Count One); conversion (Count Two); fraud at common law (Count Three); unjust enrichment (Count Four); tortious interference with prospective economic advantage (Count Five); and negligence (Count Six). (*See generally* Am. Compl.) On February 2, 2018, Defendants filed the instant Partial Motion to Dismiss the Amended Complaint seeking to dismiss all claims brought

---

[1] Because Plaintiff restarts the numbering of paragraphs within each section of the Amended Complaint, this Opinion will cite to the page number and paragraph of each allegation when referencing this pleading.

by Plaintiff in her individual capacity, as well as the remaining five common law claims. (ECF No. 19.) Plaintiff filed her opposition on February 20, 2018, and Defendants replied on February 22, 2018. (ECF Nos. 20-21.)

## II.     LEGAL STANDARD

Rule 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard under Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *Dillin v. Constr. & Turnaround Servs., LLC*, No. 14-8124, 2015 U.S. Dist. LEXIS 124873, at *7-8 (D.N.J. Sept. 18, 2015). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations . . . ." *Twombly*, 550 U.S. at 555. But, conclusory or bare-bones allegations will not do. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard for motions to dismiss).

## III. DISCUSSION

### A. New Jersey Conscientious Employee Protection Act ("CEPA") (Count One)

To bring a claim under CEPA, a plaintiff must demonstrate:

> (1) he . . . reasonably believed that his . . . employer's conduct was violating a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he . . . performed a "whistle-blowing" activity described in N.J.S.A. 34:19-3 c; (3) an adverse employment action was taken against him . . . ; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action.

*Young v. Twp. of Irvington*, 629 F. App'x 352, 356 (3d Cir. 2015) (quoting *Caver v. City of Trenton*, 420 F.3d 243, 254 (3d Cir. 2005)). Here, because Plaintiff does not allege that she was ever employed by Defendants, she cannot establish a *prima facie* case. Therefore, Count One is dismissed as to Plaintiff in her individual capacity.[2]

### B. Conversion (Count Two)

"Under New Jersey law, '[c]onversion is essentially the wrongful exercise of dominion and control over the property of another in a manner inconsistent with the other person's rights in that property.'" *Peloro v. United States*, 488 F.3d 163, 173-74 (3d Cir. 2007) (quoting *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 771 (3d Cir. 1990)). The elements of common law conversion are "(1) the existence of property, (2) the right to immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by defendant." *City of Atl. City v. Zemurray St. Capital, LLC*, No. 14-5169, 2017 U.S. Dist. LEXIS 213147, at *56 (D.N.J. Dec. 29, 2017).

---

[2] Plaintiff's CEPA claim, in her capacity as Executrix of the Estate, is sufficiently pled and remains a viable cause of action.

Here, Plaintiff alleges that on May 4, 2016, Defendant Naes and the senior director of human resources informed Mr. Rickerson that his employment had been terminated, (Am. Compl., p. 14, ¶ 39), and they took Mr. Rickerson's "personal effects[,]" including but not limited to his "Verizon Jetpack and personal papers contained in [his] laptop bag[,]" (*id*., p. 17, ¶ 2). Thereafter, Pinnacle allegedly "seized [Mr. Rickerson's] company stocks valued at approximately $1M" and cancelled his life insurance policy. (*Id*., p. 14, ¶ 39.) However, even drawing all inferences in favor of Plaintiff, the allegations contained in the Amended Complaint are insufficient to support a claim for conversion. First, Plaintiff cannot maintain this cause of action in her individual capacity because the property at issue did not belong to her. Second, there is no allegation that Defendants Chapin or Wittman were involved in the alleged conversion of Mr. Rickerson's property. The only defendant alleged to have taken Mr. Rickerson's property is Naes, arguably on behalf of Pinnacle. Third, Plaintiff fails to allege which, if any, defendant had continuous possession of Mr. Rickerson's personal effects. Thus, Plaintiff fails to plead a claim for conversion as it relates to Mr. Rickerson's personal effects. With respect to the stocks that were seized by Pinnacle, Plaintiff fails to allege that Mr. Rickerson had the right to immediate possession of that asset post-termination, especially in light of the fact that the stocks had not yet vested. Accordingly, Count Two is dismissed in its entirety.

### C. Fraud (Count Three)

In New Jersey, to state a claim for common law fraud, Plaintiff must sufficiently plead: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge of belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting in damages." *Morisseau v. Borough of N. Arlington*, No. 16-837, 2018 U.S. Dist. LEXIS 51701, at *54 (D.N.J. Mar. 28, 2018) (quoting *Gotthelf v.*

*Toyota Motor Sales, U.S.A., Inc.*, No. 10-4429, 2012 U.S. Dist. LEXIS 62045, at *53 (D.N.J. May 3, 2012), *aff'd*, 525 F. App'x 94 (3d Cir. 2013). Additionally, common-law fraud claims are subject to the heightened pleading standard of Rule 9(b), which requires that "the circumstances constituting fraud . . . shall be stated with particularity[,]" including "the who, what, where, when, and how" of the alleged fraud. *In re Advanta Corp. Secs. Litig.*, 180 F.3d 525, 531, 534 (3d Cir. 1999).

Here, the Amended Complaint alleges that after Mr. Rickerson reported unethical and/or illegal conduct to John Kroeger ("Kroeger"), Pinnacle's Lead Legal Counsel and Chief Ethics Officer, (Am. Compl., p. 12, ¶ 30), Mr. Rickerson was "misled to believe that [the complained of conduct] would be rectified by Pinnacle" and that due to his positive performance review, he was no longer in danger of being terminated, (*id.*, p. 18, ¶ 2). However, Plaintiff has not pled that Defendants made any representations to her. Thus, Plaintiff cannot establish a claim for fraud in her individual capacity.[3] Second, Plaintiff fails to allege with particularity when and how any of the Defendants misled Mr. Rickerson into believing that the issues he identified to Kroeger would be rectified, or that he was not at risk of termination. The Amended Complaint only alleges that after Mr. Rickerson complained to Kroeger, Kroeger "participated in key project meetings and reviews to ensure that the processes followed [] company policy." (*Id.*, p. 12, ¶ 30.) It does not contain any allegation that Kroeger or *any* defendant told Mr. Rickerson that his concerns would be addressed. Additionally, Mr. Rickerson was an at-will employee,[4] which made him subject to termination with or without cause. Thus, his positive performance evaluation, without more, is

---

[3] Plaintiff concedes that she is only bringing Count Three on behalf of the Estate, and not in her individual capacity. (Pl.'s Opp'n Br. at 9, ECF No. 20.)

[4] Because Plaintiff does not allege that Mr. Rickerson entered into an employment contract, it is presumed that he was an at-will employee. *See Tripodi v. Johnson & Johnson*, 877 F. Supp. 233, 237 (D.N.J. 1995) ("It is the New Jersey rule that when employment is for an indefinite term, employment at will is the prevailing rule.").

insufficient to show that any of the defendants made a material misrepresentation as to any future employment security at Pinnacle. Because Plaintiff has failed to meet Rule 9(b)'s heightened pleading requirement, Count Three is dismissed in its entirety.

### D. Unjust Enrichment (Count Four)

Under New Jersey law, to prove a claim for unjust enrichment, "a party must demonstrate that the opposing party 'received a benefit and that retention of that benefit without payment would be unjust.'" *In re Estate of Garay*, No. A-1735-16T1, 2018 N.J. Super. Unpub. LEXIS 630, at *13 (N.J. Super. Ct. App. Div. Mar. 20, 2018) (quoting *Thieme v. Aucoin-Thieme*, 151 A.3d 545, 557 (N.J. 2016)). Additionally, some direct relationship must exist between the parties. *See Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 200 (D.N.J. 2012) (explaining that "the recognition that 'some direct relationship' should exist between the parties to an unjust enrichment claim simply reflects the need to . . . prevent a finding of liability in cases where the defendant had absolutely no course of dealings with, and no other demonstrated connection to, the plaintiff").

Here, the Amended Complaint alleges that:

> Defendants have become unjustly enriched by improperly terminating [Mr. Rickerson] just prior to the vesting of his stock options, and for their retention of his personal effects which were wrongfully seized, and for the failure to justly compensate him for all work he performed prior to his termination, and failing to disgorge said gains(s) [sic].

(Am. Compl., p. 19, ¶ 2.) As an initial matter, the Amended Complaint does not allege that Plaintiff, in her individual capacity, was engaged in a business relationship with Defendants or that Defendants derived any benefit from a relationship with her. Thus, she cannot maintain a claim for unjust enrichment in her individual capacity. As it relates to Plaintiff's claim on behalf of the Estate, this Court finds that Plaintiff has sufficiently pled that Defendants enriched themselves by

7

retaining Mr. Rickerson's stock options without justly compensating him. Therefore, Defendants' Motion to Dismiss Count Four is denied.

### E. Tortious Interference with Prospective Economic Advantage (Count Five)

In New Jersey, to maintain a claim for tortious interference with prospective economic advantage, Plaintiff must prove "(1) a reasonable expectation of economic advantage to [P]laintiff, (2) interference done intentionally and with 'malice,' (3) [a] causal connection between the interference and the loss of prospective gain, and (4) actual damages." *Fid. Eatontown, LLC v. Excellency Enter., LLC*, No. 16-3899, 2017 U.S. Dist. LEXIS 96368, at *15-16 (D.N.J. June 22, 2017) (quoting *Varrallo v. Hammond Inc.*, 94 F.3d 842, 848 (3d Cir. 1996)). "[M]alice is defined to mean that the harm was inflicted intentionally and without justification or excuse." *Printing Mart-Morristown v. Sharp Elec. Corp.*, 563 A.2d 31, 37 (N.J. 1989) (citing *Rainier's Dairies v. Raritan Valley Farms, Inc.*, 19 N.J. 552, 563 (1955).

Here, because the Amended Complaint does not allege that Plaintiff was ever employed by Defendants, she cannot proceed with a claim for tortious interference in her individual capacity. As it relates to Plaintiff's claim on behalf of the Estate, the Amended Complaint sufficiently alleges that (1) Mr. Rickerson expected to remain employed at Pinnacle until his stock options vested, (2) Defendants intentionally interfered with this advantage by terminating Mr. Rickerson without justification, (3) there is a causal connection between his termination and the loss of his stock options, and (4) Mr. Rickerson lost his stock options. (Am. Compl., p. 20, ¶ 2.) Accepting the factual allegations as true, this Court finds that Plaintiff has sufficiently pled a claim for tortious interference with prospective economic advantage. As such, Defendants' Motion to Dismiss Count Five is granted as to Plaintiff's individual claim and denied as to the claim on behalf of the Estate.

### F. Negligence (Count Six)

In New Jersey, a plaintiff asserting a negligence claim must establish four elements: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." *Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 59 A.3d 561, 571 (N.J. 2013). Here, the Amended Complaint alleges that "Defendants' conduct . . . constituted a breach of a duty of reasonable care to [Mr. Rickerson] [and] Plaintiff with respect to the negligent hiring of Defendants Wittman, Chapin, and/or Naes" and "the failure of Defendants to accommodate [Mr. Rickerson's] request that he no longer report to Naes[.]" (Am. Compl., p. 21, ¶ 2.) Plaintiff was never employed by Defendants; thus she cannot maintain a claim for negligence individually because Defendants do not owe her a duty as it relates to the hiring or firing of employees at Pinnacle. The Amended Complaint also fails to sufficiently plead how Pinnacle's hiring of Wittman, Chapin, and/or Naes breached a duty of care to Mr. Rickerson. Thus, Count Six is dismissed in its entirety.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Partial Motion to Dismiss all of Plaintiff's claims brought in her individual capacity as well as Counts Two, Three and Six is **GRANTED**. Defendants' Partial Motion to Dismiss Counts Four and Five is **DENIED**.[5] An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
      Parties

---

[5] This Court does not find that Plaintiff's filing of a CEPA claim precludes her from asserting the remaining common law claims in the Amended Complaint.